UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOUGLAS CORNELL JACKSON,

    Plaintiff,

v.

THOMAS PERTTU, et al.,

    Defendants.
_____/

Case No. 2:21-cv-37

HON. JANE M. BECKERING

**OPINION AND ORDER**

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment, arguing that Plaintiff did not exhaust his available administrative remedies before filing suit. In response, Plaintiff argued that administrative remedies were not available to him because Defendants thwarted his efforts to use the grievance process. This Court denied the motion based on a genuine issue of material fact, and the Magistrate Judge subsequently conducted an evidentiary hearing on the issue. On December 1, 2022, the Magistrate Judge issued a Report and Recommendation (R&R), recommending that this Court dismiss Plaintiff's case. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

    Based on the testimony, evidence and argument presented during the hearing, the Magistrate Judge concluded that dismissal was warranted because Plaintiff failed to properly

exhaust his claim against Defendants and was not excused from the exhaustion requirement (R&R, ECF No. 90 at PageID.651). Alternatively, the Magistrate Judge determined that dismissal would also be warranted based on Plaintiff's "bad faith" in litigating this case (*id.* at PageID.660–664).

The Court turns first to examining Plaintiff's objections to the Magistrate Judge's exhaustion analysis. Plaintiff argues that the Magistrate Judge erred in finding that "grievance forms were available" to Plaintiff (Pl. Obj. #3, ECF No. 100 at PageID.699–700, referencing R&R, ECF No. 90 at PageID.654). According to Plaintiff, the defense witness testimony was "not so powerful that no reasonable juror would be free to disbelieve [Plaintiff's] allegations that his administrative remedies were unavailable" (*id.* at PageID.700). Plaintiff's argument is misplaced. Following this Court's resolution of the summary judgment motion, the question was no longer whether a question of fact existed; rather, as set forth in the Report and Recommendation, within the context of these evidentiary hearings, magistrate judges resolve all genuine issues of material fact related to the exhaustion of administrative remedies (R&R, ECF No. 90 at PageID.650–651, citing *Lee v. Willey*, 789 F.3d 673, 677–78 (6th Cir. 2015)). Plaintiff's objection is therefore denied.

Next, Plaintiff argues that the Magistrate Judge erred in determining that he presented "no evidence" to support his claim that Defendants used intimidation to thwart his efforts to use the grievance process (Pl. Obj. #4, ECF No. 100 at PageID.700–701, referencing R&R, ECF No. 90 at PageID.654). According to Plaintiff, the Magistrate Judge "fails to acknowledge that this is a retaliation case" and that "Defendants' intimidation is the adverse action" in support of his retaliation claim (*id.* at PageID.706). Plaintiff argues that "because the disputed issue of whether Defendants thwarted Plaintiff Jackson by intimidating him is bound up with the merits of whether Defendants retaliated against Plaintiff Jackson, the disputes must be decide[d] by a jury because

[a jury trial] was demanded" (*id.* at PageID.707). The fact that the evidence would have overlapped had Plaintiff's case proceeded does not serve to demonstrate any error in the Magistrate Judge's exhaustion analysis. Plaintiff's objection is properly denied.

Next, Plaintiff argues that the Magistrate Judge erred in finding "problematic" Plaintiff's claim that Defendants violated prison policy in "keeping him in restraints for more than 2 hours to intimidate him from filing a grievance" (Pl. Obj. #5, ECF No. 100 at PageID.707–708, referencing R&R, ECF No. 90 at PageID.657). Plaintiff points out that because "Defendants did not produce the policy," there was "no evidence to infer how many hours or days are prison official authorized to keep an inmate hogchained" (*id.*). However, the Magistrate Judge rejected Plaintiff's testimony not only because he found credible the defense testimony about the policy but also because Plaintiff had "not established Defendants' involvement in restraining him" (R&R, ECF No. 90 at PageID.657). Plaintiff's objection therefore fails to demonstrate any error in the Magistrate Judge's ultimate conclusion. The objection is properly denied.

Last, Plaintiff argues that the Magistrate Judge erroneously decided that "[Plaintiff] failed to establish that the February 8, 2021 search of his cell intimidated him from filing a grievance" (Pl. Obj. #6, ECF No. 100 at PageID.708–709, referencing R&R, ECF No. 90 at PageID.657). In support of his objection, Plaintiff cites *Surles v. Andison*, 678 F.3d 452, 457 n.10 (6th Cir. 2012), where the Sixth Circuit held that the plaintiff's failure to provide enough evidence to demonstrate that he exhausted his administrative remedies did "not mean that Defendants have met their[ ]" burden. Regarding the February 8, 2021 cell search, the Magistrate Judge found that the search was "not directed" at Plaintiff but was "part of a routine unit wide cell search" (R&R, ECF No. 90 at PageID.649, 654–655). Plaintiff's mere disagreement with the manner in which the Magistrate

Judge weighed the evidence does not serve to demonstrate error by the Magistrate Judge. Plaintiff's objection is therefore denied.

Because Plaintiff's objections to the Magistrate Judge's exhaustion analysis lack merit, the Court need not address Plaintiff's objections to the Magistrate Judge's alternative basis for dismissal. Even if Plaintiff's remaining objections had merit, Defendants would still be entitled to dismissal. Accordingly, the Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court and will enter a Judgment consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Additionally, because this action was filed *in forma pauperis*, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 100) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 90) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: March 30, 2023

　/s/ Jane M. Beckering　
JANE M. BECKERING
United States District Judge